**CITY OF SAN ANTONIO et al. v. STATE ex rel. TOWN OF OLMOS PARK et al.**

**SAME v. STATE ex rel. TOWN OF TERRELL HILLS et al.**

**Nos. 11619, 11620.**

Court of Civil Appeals of Texas. San Antonio.

April 10, 1946.

T. D. Cobbs, Jr., of San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom, John R. Shook, and Al Heck, all of San Antonio, for appellees.

PER CURIAM.

On the 26th day of July, A. D. 1945, the Commissioners of the City of San Antonio adopted two separate ordinances annexing to said City the territory embraced within the towns of Olmos Park and Terrell Hills.

The validity of these ordinances was attacked by the State·of Texas in two suits in the nature of quo warranto.

In each suit the District Court found that the law and facts were with the State, and perpetually enjoined the City of San Antonio from taking or doing any acts under the two ordinances above referred to, "and from exercising, or attempting to exercise any jurisdiction over territory embraced in the town of Olmos Park (and the town of Terrell Hills), Texas, property located therein, or the inhabitants thereof and said defendants (City of San Antonio, the Mayor and Commissioners thereof) are, and each of them is, hereby permanently enjoined from levying or assessing or attempting to collect taxes on any property or properties located within the Town of Olmos Park (and the Town of Terrell Hills), Texas; * * *."

Upon motion the two cases, one involving the Town of Olmos Park and the other involving the Town of Terrell Hills, were consolidated in this Court, because the issues and the facts involved in the said cases were substantially the same.

The appellants, City of San Antonio, its Mayor and City Commissioners, have filed identical motions in both causes, in which they state that: "Appellants * * * admit that the final judgment entered by the trial court is correct and should be affirmed, as reformed as hereinafter specified.

"Appellants represent to the Court that the final judgment entered by the trial court in this cause has the necessary effect

of invalidating and declaring void the annexation ordinance attacked; although the said ordinance is not so adjudicated and declared void in express words in said judgment.

"Appellants request that this Court modify the wording of said final judgment and reform it to the extent of the inclusion of express words declaring that said ordinance is void. * * *

"Wherefore, Appellants pray that the wording of the final judgment entered by the trial court in this cause be reformed as specified above and that said judgment as so reformed be in all things affirmed."

These motions were agreed to by the appellees in each case.

It is apparent from the pleadings in the cases before us that the purpose of the two suits was to test the validity of the two annexation ordinances above referred to. It is well settled that a suit in the nature of quo warranto brought by the State is a proper remedy for testing the validity of an attempted annexation of territory by a municipal corporation. Graham v. City of Greenville, 67 Tex. 62, 2 S.W. 742.

The judgments rendered by the trial court seem entirely appropriate to the type of suit and subject matter involved. Said judgments are supported by the pleadings and are free from fundamental error. It would be difficult to select more suitable or stringent language to accomplish the purpose of rendering the two annexation ordinances wholly nugatory than that employed by the trial court in these cases.

We are therefore of the opinion that a conclusion that the ordinances were and are wholly void is necessarily implied from the provisions of the judgments. No theory within the framework of the pleading other than that of the voidness of the annexation ordinances will support the decrees rendered. Consequently, we see no valid objection to here stating explicitly a conclusion which is necessarily implied by the judgments rendered in the trial court.

We are not here called upon to decide whether or not the judgments involved are impervious to any possible attack that might be lodged against them. Appellants, by filing the motions which they did file, have waived the right to present assignments or points of error. These cases are before us without specific specifications of error. To the contrary, appellants state that the judgments of the trial court are correct.

In view of what has been said, we are of the opinion that we should follow the usual practice of the Supreme Court and this Court, and grant the motions which are agreed to by all parties to these suits. Bering Mfg. Co. v. W. T. Carter & Bro., Com.Tex.App., 278 S.W. 182.

The motions to reform and affirm are granted. The judgments appealed from will be reformed in the particular indicated, and as reformed said judgments will be affirmed.